IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

SHARON E. JAMES,,

    Plaintiff,

v.

THE KROGER CO.,
A Foreign Corporation,

    Defendant.                       Case No.10-cv-261-DRH

### ORDER

**HERNDON, Chief Judge:**

The purpose of this Order is for the Court to raise the issue, *sua sponte*, of whether it has subject matter jurisdiction over this case. "Without jurisdiction the court cannot proceed at all in any cause. Jurisdiction is power to declare the law, and when it ceases to exist, the only function remaining to the court is that of announcing the fact and dismissing the cause." **Ex parte McCardle, 7 Wall. 506, 514 19 L. Ed. 264 (1868); Steel Co. v. Citizens for Better Environment, 523 U.S. 83, 94 (1998)**. In fact, federal courts are "obliged to police the constitutional and statutory limitations on their jurisdiction" and should raise and consider jurisdictional issues regardless of whether the matter is ever addressed by the parties to the suit. **See Kreuger v. Cartwright, 996 F.2d 928, 930-31 (7th Ci r. 1993); Kanzelberger v. Kanzelberger, 782 F.2d 774, 777 (7th Cir. 1986)**.

Moreover, the party invoking federal jurisdiction bears the burden of demonstrating that the jurisdictional requirements have been met. ***Chase v. Shop 'N Save Warehouse Foods, Inc.*, 110 F.3d 424, 427 (7th Cir. 1997)**. "A defendant meets this burden by supporting [its] allegations of jurisdiction with 'competent proof,' which in [the Seventh Circuit] requires the defendant to offer evidence which proves 'to a reasonable probability that jurisdiction exists.'" ***Id***. However, if the district court lacks subject matter jurisdiction, the action must be dismissed.

The statute regarding diversity jurisdiction, **28 U.S.C. § 1332**, requires complete diversity between the parties plus an amount in controversy exceeding $75,000, exclusive of interest and costs. Complete diversity means that "none of the parties on either side of the litigation may be a citizen of the state of which a party on the other side is a citizen." ***Howell v. Tribune Entertainment Co.*, 106 F.3d 215, 217 (7th Cir. 1997) (citations omitted)**. Factual allegations of <u>citizenship</u> must be made in the pleadings, demonstrating complete diversity. ***See Chicago Stadium Corp. v. State of Indiana*, 220 F.2d 797, 798-99 (7th Cir. 1955)(emphasis added)**.

In its Notice of Removal, (Doc. 2), Defendant alleges, in part, that diversity jurisdiction exists in that the Plaintiff and the Defendants are citizens of different states. (Doc. 2, ¶ 6). Such conclusion will not suffice. ***Chicago Stadium Corp.*, 220 F.2d at 798-99**. Defendant's factual allegations regarding citizenship states only that Plaintiff is a "resident" of Illinois. (Doc. 2, ¶ 3). That, too, is

insufficient. *Id.* It is the citizenship and not the residency of the parties that must be pleaded. *Id.* Until Defendant properly pleads diversity of citizenship, the Court must approach this case as if jurisdiction does not exist. Without those allegations, the Court does not have the authority to "consider the merits of a case over which it is without jurisdiction." **Firestone Tire & Rubber Co. v. Risjord, 449 U.S. 368, 379 (1981)**.

The Court is not concluding that subject matter jurisdiction does not exist. However, it is currently in question, and thus not established. Accordingly, Defendant is hereby **ALLOWED** leave to file a Supplement to its Notice of Removal properly setting forth subject matter jurisdiction within **TEN (10)** days of the date of this Order. If Defendant fails to timely correct this jurisdictional deficiency, the Clerk is instructed to remand the case.

**IT IS SO ORDERED**.

Signed this 12th day of April, 2010.

/s/ David R Herndon

**Chief Judge
United States District Court**